IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GIANAZEL BACERO, as Personal
Representative of the Wrongful Death Estate of
LOGAN PRESTON and as Next Friend of
N.P., a Minor Child,

    *Plaintiff*,

vs.

G.O.A.T. & GS PRODUCTIONS, LLC d/b/a
GOAT & GS PRODUCTION DESIGN, LIVE
INTERNATIONAL, LTD., and RUSSEL
PACK,

    *Defendants*.

Civil Action No. 1:23-CV-00321

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRONGFUL DEATH,
PERSONAL INJURIES, AND LOSS OF CONSORTIUM**

Plaintiff Gianazel Bacero, as Personal Representative of the Wrongful Death Estate of Logan Preston and as Next Friend of N.P., a minor child ("Ms. Bacero" or "Plaintiff"), and hereby files this Original Complaint for Wrongful Death, Personal Injuries, and Loss of Consortium against Defendants G.O.A.T. & GS Production, LLC d/b/a GLAT & GS Productions Design, Live International, Ltd., and Russell Pack, and, in support of her causes of action, Plaintiff respectfully complains of the following conduct:

**I.
PARTIES**

1. **Gianazel Bacero** is an individual residing in Montgomery County, Texas. She was the fiancé of Decedent Logan Preston and the mother to Decedent's only child, N.P. She brings this lawsuit pursuant to, *inter alia*, the New Mexico Wrongful Death Act (NMSA 1978 §§ 41-2-1 *et seq*.), on behalf of the Estate of Logan Preston and its only surviving beneficiary, N.P.

2. Ms. Bacero has already been appointed as representative of the Estate of Logan

Preston in probate court in Montgomery County, Texas where Decedent and Plaintiff resided at the time of Decedent's death. Ms. Bacero has received letters of administration from the Texas probate court in addition to a declaration of heirship, confirming the Estate's only heir is N.P.

3.      Additionally, Ms. Bacero has filed a *Petition for Appointment as Personal Representative Under the Wrongful Death Act* in the Thirteenth Judicial District Court of Cibola County, New Mexico for purposes of serving as personal representative of the Estate of Logan Preston in this action. The Order appointing Ms. Bacero as Wrongful Death Personal Representative is pending before the Honorable Amanda Sanchez Villalobos and Plaintiff anticipates its present entry in Case No. D-1333-CV-2023-00079 (styled as *In the Matter of the Estate of Logan Preston, Deceased*).

4.      **G.O.A.T. & GS Productions, LLC d/b/a GOAT & GS Production Design** ("GOAT") is a limited liability company based in Hobart, Indiana. GOAT may be served via its registered agent Ryan C. Williams, at 1680 Amber Drive, Hobart, Indiana 46342 or wherever he may be found.

5.      **Live International, Ltd.** ("LIVE") is a corporation based in Elk Grove Village, Illinois. It may be served via its registered agent Karol Kadziolka, at 520 Crest, Elk Grove Village, Illinois 60007 or wherever she may be found.

6.      **Russell Pack** ("Mr. Pack") is an individual, residing in Chesterton, Indiana. He may be served at 708 Carla Drive, Chesterton, Indiana 46304 or wherever he may be found.

## II.
### JURISDICTION AND VENUE

7.      This Court has jurisdiction over this suit because there is diversity of citizenship under 28 U.S.C. §1332(a)(1) and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

8. Venue is proper in this judicial district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is situated in this district. Specifically, the crash that crushed and killed Logan Preston occurred in this venue.

## III.
### FACTUAL BACKGROUND

9. This case is about holding a truck driver, his employer, and the trucking company that owned his truck responsible after the driver failed to control his truck, sped through an uphill, sharp curve, ran off the road, and struck and killed twenty-six-year-old Logan Preston.

10. The driver was criminally charged with reckless driving.

**A.   Introduction to the Parties.**

11. Logan Preston died on June 22, 2022 I Cibola County, New Mexico. He was twenty-six years old.

12. He was engaged to Gianazel Bacero. Ms. Bacero resides in Montgomery County, Texas. Together they have a one-year-old daughter, N.P.

13. Mr. Pack is a truck driver from Indiana. He was driving a truck owned, controlled and operated by GOAT and LIVE at the time his truck struck and killed Logan Preston.

**B.  On June 22, 2022, Logan Preston was Crushed and Killed by Defendants' Truck.**

14. On or about June 22, 2022, Logan Preston and Jeffrey Domostoy were driving westward on I-40 near Mile Marker 103 in New Mexico in Cibola County, New Mexico. They were driving a Dodge 3500 pick-up truck and pulling a flatbed trailer containing some cargo.

15. It was raining. The conditions were unsafe and wet. Logan and Jeffrey pulled off the road safely onto the medium. At the time of the crash, they were outside their vehicle, well off the roadway, and at all relevant times were safely parked.

16. Mr. Pack was driving his truck westbound on I-40. At the time of the crash, it was raining and the roadways were wet and slippery. Mr. Pack never should have been operating his truck under these unsafe conditions or at a minimum should have taken significant precautions. Mr. Pack drove his truck up a hill and around a sharp corner at seventy-five miles per hour. This was an unsafe speed under these conditions:

| Road Character | Road Grade | Road Condition | Road Surface | Traffic Control |
|---|---|---|---|---|
| CURVE LEFT | UPHILL | WET | PAVED CENTER AND EDGE LINE | NO CONTROLS |
| Road Lanes | Road Design Div | | Road Design | |
| 2 LANES | PHYSICAL DIVIDER | | FULL ACCESS CONTROL (E.G. HIGHWAY OR INTERSTATE) | |

17. Traffic, traveling in the same direction, was driving at around forty-five miles per hour. In fact, another truck driver a few vehicles behind Mr. Pack confirmed he had reduced his speed given the weather, the uphill conditions, and the approaching curve:

WITNESS STATEMENT(S): THE FOLLOWING IS ONLY A SYNOPSIS AND NOT VERBATIM:

ACCORDING TO WITNESS #3, MR. PAUL THOMPSON, HE STATED HE SAW STOPPED CARS/ TRAFFIC WHILE HEADING WESTBOUND. HE STATED HE SAW A GENTLEMAN WITH NO LEGS ON THE ROADWAY AND STATED THE COLLISION POSSIBLY HAPPENED APPROXIMATELY 3 CARS LENGTHS AHEAD OF HIM BUT DID NOT OBSERVE ANYTHING INVOLVING THE ACTUAL CRASH. I ASKED MR. THOMPSON WHAT THE ROAD AND WEATHER CONDITIONS WERE LIKE THAT DAY OF THE ACCIDENT. HE STATED THERE WAS LOTS OF RAIN, SLIPPERY ROADS, AND APPROXIMATELY 3-4 CRASHES PREVIOUSLY WHILE DRIVING ON THE HIGHWAY. I ASKED MR. THOMPSON WHAT KIND OF VEHICLE HE WAS IN, HE STATED HE WAS IN A CMV. I ASKED HIM WHAT SPEED HE WAS APPROXIMATELY GOING GIVEN THE ROAD AND WEATHER CONDITIONS. HE STATED HE WAS GOING ON AN UPHILL SLOPE BEFORE TRAVELING ON A LEFT CURVE BEND AT AN APPROXIMATE SPEED OF 45 MILES PER HOUR (MPH) AND LAID OFF ON THE THROTTLE WHILE MAKING THE SLOW CURVE.

18. The police concluded that the safe speed in these conditions was forty-five miles per hour.

| Left Scene of Crash? | Posted Speed | Safe Speed |
|---|---|---|
| NO | 75 | 45 |

19. Mr. Pack failed to keep a proper lookout, failed to control his truck, and drove his truck up the hill and around the curve at a high and unsafe rate of speed. His truck jackknifed, slid off the road, and crashed into Logan and Jeffrey's truck. Mr. Pack's truck struck Logan and Jeffrey, killing Logan Preston and injuring Jeffrey.

20. The New Mexico Crash Reconstruction Team commenced a detailed

investigation on behalf of the New Mexico State Police, including interviewing numerous witnesses. The police placed all of the fault on Mr. Pack:

**CONCLUSION/ENFORCEMENT ACTION:**

DRIVER #1 WAS AT FAULT FOR THIS MOTOR VEHICLE CRASH. DRIVER #1 WAS INATTENTIVE AND OR DISTRACTED BY ANOTHER ACTIVITY. DUE TO POSSIBLY DRIVING TOO FAST FOR THE GIVEN ROAD CONDITIONS WHILE NAVIGATING THE LEFT-BEND CURVE OF THE ROADWAY WITH WET AND RAINY WEATHER CONDITIONS, DRIVER #1 LOST CONTROL AND DID NOT FULLY ATTEMPT TO APPLY HARD BRAKING PRESSURE. DRIVER #1 CROSSED LANES AND CONTACTED VEHICLE #1 CREATING A SLOW CHAIN OF EVENTS OF CONTACTING A PARKED VEHICLE WHILE ALSO HITTING TWO OCCUPANTS POSSIBLY OUTSIDE OF VEHICLE #1 BEFORE THEY WERE DISPLACED CAUSING ONE OCCUPANT TO BECOME DECEASED ON SCENE.

21. The police concluded the following causes resulted in this crash:

| APPARENT CONTRIBUTING FACTORS | DRIVER'S ACTIONS |
|---|---|
| ROAD SURFACE CONDITIONS, SPEED TOO FAST FOR CONDITIONS, WEATHER CONDITIONS | GOING STRAIGHT, NEGOTIATING A CURVE |

22. Put plainly, Defendants failed to operate their vehicle in a safe manner, failed to control their speed, failed to apply the brakes timely, failed to keep a proper lookout and ultimately killed Logan Preston.

23. Defendant Pack was criminally cited for careless driving:

**VIOLATION 01**

| VEH NO. | Last Name | First Name | Middle Name | Violation (Common Name) | Action |
|---|---|---|---|---|---|
| 02 | PACK | RUSSELL | JERROD | CARELESS DRIVING | CITED |

24. Logan Preston's life was cut short decades too early. He died before his wedding. He will never marry the love of his life or see his one-year-old daughter grow up. His fiancé, Plaintiff, brings this lawsuit to hold Defendants responsible for their criminal misconduct and to ensure that these events never occur again. A life is more important than a company.

## IV.
## CAUSES OF ACTION

### A. Statutory Negligence/Gross Negligence

25. Plaintiff incorporates the above paragraphs as if set forth in full below.

5

26. Defendants owed Plaintiff a reasonable duty of care to act as a reasonably prudent operator would under the circumstances. On the occasion in question, Defendants committed acts of omission and commission, which collectively and severally constituted negligence and gross negligence. Their imprudent acts included, but were not limited to:

- Driving unsafely;
- Driving at an unsafe speed;
- Failing to recognize and remediate hazards;
- Failing to observe and follow traffic laws, and to ensure employees or contractors observed and followed those laws;
- Failure to maintain a proper lookout;
- Driving erratically and/or carelessly;
- Failing to control vehicle;
- Failing to implement policies and procedures to ensure that drivers for Defendants were properly trained;
- Failing to implement policies and procedures to ensure that drivers for Defendants followed the rules of the road;
- Failing to properly supervise and control drivers;
- Failing to enforce safety rules;
- Violating the New Mexico Transportation Code in numerous aspects;
- Participating in and contributing to the acts that cause the incident in question.
- Operating a truck in an unsafe manner;
- Operating a cell phone while driving;
- Failing to protect Decedent from reasonably foreseeable dangers;
- Participating in and contributing to the acts that cause the incident in question.

27. Each of these acts and omissions, singularly or in combination with others, constitute negligence on the part of Defendants, which was a direct and proximate cause of this

incident and the injuries sustained by Plaintiff. These actions were knowing, reckless, and/or willfully indifferent or malicious. Plaintiff thus seeks punitive damages.

### B. Negligence Per Se

28. Plaintiff incorporates the above paragraphs as if set forth in full below.

29. Defendant Pack's conduct was negligence per se because of a breach of duty imposed by statute. This breach caused Plaintiff's injuries. Specifically, there was a breach of duties imposed by statutes and state law, including, but not limited to, the following:

- N.M. Stat. Ann. § 66-7-301(B): Sets forth a duty for a driver to operate a vehicle at a speed controlled by the driver as necessary to avoid colliding with another person or vehicle; and

- N.M. Stat. Ann. § 66-8-114: Sets forth a duty to operate a vehicle with his or her full time and entire attention to the operation of the vehicle and avoid operating a vehicle carelessly, inattentively, or imprudently without due regard for the width, grade, curves, corners, traffic, weather, and road conditions.

30. Logan Preston was within the class of individuals intended to be protected by the statute. These statutes are ones for which criminal liability may be imposed. Defendants' breach of these criminal statutes proximately caused Plaintiff's injuries.

### C. Respondeat Superior/Agency

31. Plaintiff incorporates the above paragraphs as if set forth in full below.

32. At all times, Defendant Pack was an agent and/or servant of GOAT and LIVE. These Defendants exercised control over his employment, and at all relevant times, Mr. Pack was operating within the scope of his employment and acting as an agent and/or servant for GOAT and LIVE.

33. As such, Defendants GOAT and LIVE are vicariously responsible for the conduct and damages caused by Defendant Pack's conduct.

## V.
## DAMAGES

Plaintiff seeks recovery of the following:

34. <u>Pecuniary Loss</u>: Pecuniary loss resulting from the death of Logan Preston, including, but not limited to, the loss of advice and counsel, care, maintenance, support, services, and earning capacity, as well as the reasonable contributions of pecuniary value that Plaintiff or any heirs would in reasonably probability have received from him had he lived.

35. <u>Mental Anguish</u>: Mental anguish suffered as a result of the death of Logan Preston, including, but not limited to, the emotional pain, torment, and suffering that Plaintiff or Decedent's heirs would in reasonably probability, experience from the death of a family member.

36. <u>Pre-death Pain and Suffering</u>: Damages for Logan Preston's pre-death pain and suffering experienced as a result of Defendant Pack crushing him before he died;

37. <u>Loss of Consortium, Companionship, and Society</u>: Loss resulting from Logan Preston's death, including, but not limited to, love, companionship, comfort, and society that Plaintiff and Decedent's heirs would in reasonable probability had experienced if Logan Preston had lived;

38. <u>Loss of Inheritance:</u> The earnings, if any, of Logan Preston, in excess of the amount he would have used for the support of himself and his family, and in which reasonable probability would have been added to his Estate and left to Plaintiff or Decedent's heirs at his natural death had he lived; and

39. <u>Medical and Death/Funeral Expenses</u>: Actual damages, including, but not limited to, medical expenses, death expenses, and funeral expenses caused by Defendants' conduct.

40. The damages sought herein are the direct and/or proximate result of the foregoing events, and Plaintiff or Decedent's heirs have suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, all for which Plaintiff seeks recovery herein. Plaintiff seeks all wrongful death damages allowed by New Mexico law. Because the conduct of the Defendants is the type that involve egregiousness, malice, and proceeding in the face of a known risk without regard for Logan Preston's well-being, Plaintiff also seek punitive damages, costs, pre-judgment and post-judgement interest as allowed by New Mexico law.

## VI.
### DEMAND FOR JURY TRIAL

41. Plaintiff respectfully demands a jury trial and tenders the appropriate fee with this complaint.

## VII.
### PRAYER

42. For the aforementioned reasons, Plaintiff Gianazel Bacero, in her capacity described above, prays for judgment against Defendants in the amount of twenty-five million dollars ($25,000,000) for actual damages for pecuniary losses, mental anguish, pain and suffering, economic damages, and past medical expenses, death expenses, and funeral expenses, punitive damages, pre-judgment and post-judgment interest as allowed by law, all costs of Court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

[Signature on Following Page]

Respectfully submitted,

By: /s/ *Heather K. Hansen*
    Eva K. Balzejewski
    Heather K. Hansen
    Blazejewski & Hansen, LLC
    2501 Rio Grande Blvd NW Suite B
    Albuquerque, NM 87102
    Tel: 505.554.1660
    Fax: 505.393.4508

- And -

Anthony G. Buzbee
Texas Bar No. 24001820
S.D. of Tex. No. 22679
tbuzbee@txattorneys.com
David L. Bergen
Texas Bar No. 24097371
S.D. of Tex. No. 2858355
dbergen@txattorneys.com
Thomas Colby Holler
choller@txattorneys.com
S.D. of Tex. 3803160
The Buzbee Law Firm
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

*(Application for Admission Pro Hac Vice Filed At or About the Time of Filing of This Petition and Pending)*

**Attorneys For Plaintiff**
**Gianazel Bacero**